UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENYATTA SANDERS,

    Plaintiff,

vs.                                              CASE NO. 3:09-cv-1266-J-32TEM

BYRON BERNARD KILE, an individual,
and D.COLQUETT, TRUCKING,
INC., a foreign corporation,

    Defendants.
_____

**O R D E R**

On March 26, 2010, the parties filed a document entitled, "Stipulation to Change Defendant D.Colquett Trucking, Inc., to Wiley Sanders, Inc." (Doc. #9). As the document requests the Court to take action, it shall be construed as a motion. Thus, pending before the Court is the parties' joint motion to file a second amend complaint in order to change a party defendant. For the reasons stated herein, the motion shall be denied without prejudice.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15. The Supreme Court has provided guidance to a reviewing court when a pleading amendment is sought. In the language of the *Foman* Court:

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182.

Although the Court does not find leave to amend should be denied in this instance because of any of the suspect reasons provided by the *Foman* court, *supra*, the Court finds the motion is nevertheless deficient. For instance, Local Rule 4.01 requires a party permitted to file an "amended pleading in its entirety with the amendments incorporated therein," and it has been the practice of this Court to require a proposed amended complaint be attached to any motion to amend. While the parties contend the proposed amendment would merely change the name of the Defendant (as if correcting a scrivener's error), the parties failed to fully advise the Court as to what effect said amendment would have on the current, operative complaint (*see* Doc. #3, Amended Complaint).

More particularly, the motion lacks any explanation as to, *inter alia*: (1) whether the claim(s) against the new defendant would change any of the factual allegations contained within the Amended Complaint; (2) whether the addition of the new defendant would destroy the Court's jurisdiction; and (3) whether Plaintiff intends to serve the new defendant with a summons and a copy of the amended complaint (*see* Doc. #9). Consequently, the Court finds the motion is inadequate.

Based on the foregoing, it is hereby **ORDERED**:

1. The document entitled, "Stipulation to Change Defendant D.Colquett Trucking, Inc., to Wiley Sanders, Inc." (Doc. #9), which the Court construes as a motion, is **DENIED without prejudice**.

2. If a renewed motion is filed, the parties shall attach a proposed amended complaint to the motion and memorandum of law requesting leave to file.

**DONE AND ORDERED** at Jacksonville, Florida this  25th  day of May, 2010.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge